UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL J.M., | Case No. 1:20-cv-00339-DCN-CWD |
| Petitioner, | **ORDER** |
| v. | |
| KILOLO KIJAKAZI[1], Acting Commissioner of Social Security | |
| Respondent. | |

# I. INTRODUCTION

Before this Court is Michael J.M.'s Petition for Review of the Respondent's denial of social security benefits (Dkt. 1). The Court has reviewed the Petition for Review, the Answer, and the administrative record (AR). Despite two Court orders directing him to do so, Petitioner has never filed a brief in support of his Petition for Review. Dkt. 6; Dkt. 17. As such, there are no briefs for the Court to review.

For the reasons stated below, the Court dismisses the Petition for Review.

# II. PROCEDURAL AND FACTUAL HISTORY

On October 18, 2017, Petitioner filed applications for Disability Insurance Benefits and for Supplemental Security Income alleging disability beginning on February 10, 2017. The applications were denied initially and on reconsideration. A hearing was held on April

---

[1] Kilolo Kijakazi became acting Commissioner of the Social Security Administration on July 9, 2021 and is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d).

ORDER – 1

3, 2019, before Administrative Law Judge (ALJ) Stephen Marchioro. After hearing testimony from Petitioner and vocational expert Mark J. Schwager, the ALJ issued a decision finding Petitioner was not under a disability within the meaning of the Social Security Act from February 10, 2017 through the date of the ALJ's May 9, 2019 decision. Petitioner's request for review by the Appeals Council was denied on May 6, 2020, making the ALJ's decision final. On July 7, 2020, Petitioner filed the instant action seeking judicial review of the ALJ's decision under 42 U.S.C. § 405(g).

At the time of the hearing before the ALJ, Petitioner was 51 years of age. Petitioner has a high school education and vocational training in welding. Petitioner has past relevant work as a saw operator and a forklift operator. Petitioner has the following severe impairments: right foot injury, status post fusion surgery in 2002, Bipolar disorder, and attention deficit disorder (ADD). AR 18.[2]

### III. SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] At step one, the ALJ

---

[2] Petitioner alleged additional medical conditions but the ALJ determined such impairments, considered singly or together, had caused only transient and mild symptoms and limitation, were well controlled with treatment, had not met the requisite durational requirement, and/or were not adequately supported by the medical evidence in the record. AR 19–21.

[3] For a summary of the process, *see Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) ("The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' ("RFC") in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v).").

ORDER – 2

determined Petitioner had not engaged in substantial gainful activity since February 10, 2017, the alleged onset date. AR 18. At step two, the ALJ found Petitioner had the following medically determinable severe impairments: right foot injury, Bipolar disorder, and ADD. *Id.* At step three, the ALJ concluded that Petitioner's impairments did not meet or medically equal any of the listed impairments. AR 21. The ALJ evaluated Petitioner's foot impairment under the section 1.00 listings for musculoskeletal impairments, in particular, listing 1.02A (major joint dysfunction). The ALJ also evaluated Petitioner's Bipolar disorder and ADD under the section 12.00 listings (mental impairments). At step four, the ALJ determined Petitioner retained the RFC to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), adding both physical and mental limitations to accommodate the effects of Petitioner's physical and mental impairments. AR 22–23.

In making the RFC determination, the ALJ considered all of Petitioner's symptoms, the objective medical evidence, opinion evidence, and other relevant evidence in the record. The ALJ discussed the evidence in the record concerning each of Petitioner's impairments. AR 23–28. The ALJ evaluated the Petitioner's own statements and found Petitioner's impairments could reasonably be expected to cause the alleged symptoms, but that Petitioner's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.* Based upon his RFC determination, the ALJ found Petitioner unable to perform any past relevant work as a saw operator and forklift operator at step four. AR 28.

Accordingly, the ALJ proceeded to step five. The ALJ concluded, based on the vocational expert's testimony, and considering Petitioner's age, education, work

ORDER – 3

experience, and RFC, that there are jobs that exist in significant numbers in the national economy that Petitioner can perform. AR 28–29. Specifically, the ALJ concluded Petitioner has the RFC to perform the requirements of representative occupations such as dishwasher, hospital cleaner, and warehouse worker. AR 29. The ALJ therefore found Petitioner not disabled from February 10, 2017 through the date of the ALJ's May 9, 2019 decision. *Id.*

## IV. STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only where their physical or mental impairments are of such severity that they cannot do their previous work and are also unable, considering their age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n. 13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). To assess whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm

ORDER – 4

simply by isolating a "specific quantum of supporting evidence." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the AlJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## V. DISCUSSION

Petitioner, who is proceeding without the benefit of counsel, submitted an *in forma pauperis* application, and a Petition for Review requesting that the Court reverse the Commissioner's decision that Petitioner is not disabled. Dkt. 1; Dkt. 7. United States Magistrate Judge Candy W. Dale granted Petitioner leave to proceed *in forma pauperis* and issued a procedural order explaining the proceedings and notifying the parties of the briefing schedule.[4] Dkt. 6; Dkt. 8. The Procedural Order directed Respondent to either serve and file a certified copy of the AR, which would constitute Respondent's answer, or a motion to dismiss, within sixty (60) days of service. Dkt. 6. The Procedural Order provided that within thirty (30) days after service of the administrative record, "Petitioner *must* serve and file a brief in support of the petition for review." *Id.* (emphasis added). Respondent was served with the Petitioner for Review on July 21, 2021, and timely served and filed the AR on September 18, 2020. Dkt. 11; Dkt. 15. Petitioner has not filed a supporting brief, nor made any other filing in this matter, since the administrative record

---

[4] Although the case was initially assigned to Judge Dale, it was reassigned to the undersigned when the parties failed to timely consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). The undersigned subsequently referred all matters in this case back to Judge Dale. Dkt. 13.

ORDER – 5

was filed.

Nevertheless, in August of 2021, Judge Dale reviewed the Petition for Review and the AR, and found that Petitioner contends the ALJ's decision is not supported by substantial evidence. Dkt. 17, at 2. Other than Petitioner's general assertion that the ALJ's decision is not sufficiently supported, Judge Dale could not discern the factual or legal basis upon which the Petition for Review is based. *Id.* (citing *Ziemer v. Saul*, No. 1:18-CV-00528-CWD, 2020 WL 1220994 (D. Idaho Mar. 11, 2020) (finding that despite lack of briefing, the Court could consider the merits of a petition for review because the relevant issue was clearly delineated)).

Judge Dale accordingly allowed Petitioner a limited amount of additional time to file a supporting brief. Judge Dale ordered Petitioner to file his supporting brief on or before September 23, 2021, and specifically advised Petitioner that failure to file a supporting brief would result in dismissal of this case for lack of prosecution without further notice. Dkt. 17, at 2. Petitioner did not file a supporting brief on September 23, 2021, and to date, has not filed anything with the Court for over a year.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (explaining the authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Dismissal of this case is proper due to Petitioner's failure to comply with either his

ORDER – 6

original, or his extended, deadline for filing a supporting brief. Despite essentially being given over twelve months to review the administrative record and file a supporting brief, Petitioner has not filed anything with the Court. Nor has Petitioner heeded Judge Dale's explicit warning that the failure to file a supporting brief by September 23, 2021, would result in dismissal of this case without further warning. As such, the Court finds Petitioner has abandoned this case and dismissed this action pursuant to Federal Rule of Civil Procedure 41(b).

## VI. ORDER

1. This case is dismissed with prejudice;

2. The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 and 42 U.S.C. § 405(g).

DATED: September 29, 2021

_____
David C. Nye
Chief U.S. District Court Judge

ORDER – 7